CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, SCHASBERGER, and LEVIN[1]
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Sergeant TONY E. BANKS**
**United States Army, Appellant**

ARMY 20170261

Headquarters, Fort Carson
Tiernan P. Dolan, Military Judge
Colonel Gregg A. Engler, Staff Judge Advocate

For Appellant:  William E. Cassara, Esquire (argued); Captain Zachary A. Gray, JA; William E. Cassara, Esquire (on brief).

For Appellee:  Captain Lauryn D. Carr, JA[2] (argued); Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Captain Jeremy Watford, JA; Captain Brian Jones, JA (on brief).

31 July 2019

---------------------------------
SUMMARY DISPOSITION
---------------------------------

LEVIN, Judge:

Appellant raises three assignments of error, one of which merits discussion but no relief.  In that one claim that is relevant for our purposes, appellant contends that the court-martial lacked personal jurisdiction over him because he possessed a valid Department of Defense Form 214 [DD 214], had cleared the installation, and that a substantial part of his pay was ready for delivery prior to the revocation of his discharge orders.  For the reasons that follow, we hold otherwise.

---

[1] Judge Levin decided this case while on active duty.

[2] Corrected

An enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of two specifications of sexual assault in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 [UCMJ].  The panel sentenced appellant to a dishonorable discharge, confinement for seven years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for seven years, and reduction to the grade of E-1.  Appellant's case is before us under Article 66, UCMJ.

**BACKGROUND**

On 30 November 2014, appellant sexually assaulted KP.  The next day, KP filed a report with the Colorado Springs Police Department.

On 23 May 2016, appellant's chain of command amended his previously-issued flag from a Law Enforcement Code to an Administrative Separation Code. On 21 July 2016, the Installation Management Command, Headquarters, United States Army Garrison, Fort Carson, Colorado issued orders for appellant to be assigned to the transition point for release from active duty on 23 August 2016.

On 16 August 2016, appellant's battalion commander signed a memorandum extending appellant for "up to thirty (30) days beyond his ETS date."  On 17 August 2016, appellant's First Sergeant advised appellant of the imposition of the Adverse Action flag.  On 18 August 2016, the battalion commander's memorandum was provided to appellant as well as the Brigade Retention Office.  On or about 18 August 2016, appellant's ETS date was changed in the personnel system from 23 August 2016 to 23 September 2016.

Notwithstanding notice of the Adverse Action flag and his receipt of the battalion commander's memorandum, appellant completed the clearing procedures for the installation by 23 August 2016.  On that same day, the Fort Carson Transition Center provided appellant with a signed copy of his DD 214.  On 24 August 2016, no later than 1009, the Installation Management Command issued orders revoking the 21 July 2016 orders.  The Fort Carson Defense Military Pay Office [DMPO] calculated the pay due to appellant and sent those calculations to the Defense Finance and Accounting Service [DFAS] for payment processing no earlier than 24 August 2016, at 1347.  Appellant was tried and convicted in April 2017.

Appellant moved to dismiss the charges against him for lack of personal jurisdiction.  The military judge ruled against appellant, finding that appellant had never received either a valid discharge certificate or a final accounting of pay. Because we agree that he did not receive a final accounting of pay ready for delivery, we need not decide whether appellant received a valid DD 214.

**LAW AND DISCUSSION**

Appellate courts review issues of personal jurisdiction de novo, accepting a military judge's findings of fact unless they are clearly erroneous or unsupported by the record. *United States v. Christiansen*, 78 M.J. 1, 4 (C.A.A.F. 2018).

The UCMJ is a legal code of limited application. An individual is only subject to jurisdiction under the UCMJ if that individual falls into one of several specific categories set out in the code. One of these categories states: "Members of a regular component of the armed forces, including those awaiting discharge after expiration of their terms of enlistment . . . ." UCMJ, art. 2(a)(1).

In cases where jurisdiction is asserted under Article 2(a)(1), the military justice system loses personal jurisdiction over a servicemember upon that servicemember's discharge from the military. *United States v. Hart*, 66 M.J. 273, 275 (C.A.A.F. 2008). However, "the UCMJ does not state when a servicemember's discharge from the armed forces becomes effective for jurisdictional purposes, and thus does not specifically address when a servicemember is no longer subject to being court-martialed." *Christiansen*, 78 M.J. at 4.

Without controlling law within the UCMJ, our superior court has looked to 10 U.S.C. §§ 1168-69 for guidance on the effective time and date of discharge. *Id.* (citing *Hart*, 66 M.J. at 275). Our superior court "has identified three criteria to consider when determining whether a servicemember's discharge has been finalized for jurisdictional purposes: (1) the delivery of a [DD 214]; (2) a 'final accounting of pay;' and (3) the completion of the 'clearing' process that is required under service regulations." *Id.* (citing *Hart*, 66 M.J. at 276-79).

Even if a servicemember has not satisfied all three of the criteria from *Hart*, he or she may nevertheless be discharged if concluding otherwise would "go against reason or policy." *United States v. Nettles*, 74 M.J. 289, 292 (C.A.A.F. 2015).

Under the law discussed above, the test for whether a service member has been discharged—at least for jurisdictional purposes—can be summarized as follows: If a servicemember has received his DD 214, final accounting of pay, and has completed clearing, that servicemember is discharged. If any of these three requirements is not met, the servicemember is nevertheless considered discharged if reason and policy require a finding of discharge based on the totality of the circumstances. *See Christiansen*, 78 M.J. at 5 n.6.

Appellant argues that he was discharged from the Army after he cleared the installation, received his DD 214, and a substantial part of his pay was ready for delivery. We disagree. Appellant's final accounting of pay was not ready for delivery before his discharge orders had been revoked. While this deficiency would

not necessarily be fatal to appellant's claim if reason and policy weighed in his favor, they do not. We will discuss each issue in turn.

### A. Appellant Did Not Receive Final Accounting of Pay

The third criterion for a valid discharge under *Hart* is "a final accounting of pay." *Christiansen*, 78 M.J. at 4. During the motions hearing, the former Chief of Transitions at Fort Carson, Colorado, testified that appellant's DD 214 had been revoked on 24 August 2016 at 1007. The Deputy Director for Military Pay at Fort Carson, Colorado, testified that there was no final accounting of pay prior to the revocation of appellant's discharge orders. Based on this testimony, the military judge found as a matter of law that the pay was not ready for delivery at the time appellant's orders were revoked. We agree and find that even if appellant's DD 214 was valid, he had not received a final accounting of pay ready for delivery and thus did not satisfy the third *Hart* criterion.

### B. Reason and Policy Weigh Against Finding Appellant was Discharged

Even if a servicemember has not satisfied all three requirements for a valid discharge under *Hart*, he or she may still be discharged if so required by reason and policy. *Christiansen*, 78 M.J. at 4.

In *United States v. Majstorovic*, ARMY 20180045, 2019 CCA LEXIS 291 (Army Ct. Crim. App. 21 Jun. 2019) (mem. op.), this court conducted a "reason and policy" analysis related to personal jurisdiction. As the central part of its analysis, this court noted the stark contrast with the facts of *Christensen*:

> For example, in *Christiansen*, the accused had not received his final accounting of pay at the time he was taken into military custody approximately four months after he received his DD 214. Nevertheless, our superior court found that, under the totality of the circumstances, he was discharged prior to the preferral of charges against him and his subsequent court-martial. As a result, the military had no jurisdiction over him; he was no longer a servicemember—he was Mr. Christiansen. This case is entirely different.
>
> . . . .
>
> Under the totality of these circumstances, neither reason nor policy favor a conclusion that appellant was discharged prior to his conviction at court-martial.

BANKS—ARMY 20170261

*Majstorovic*, 2019 CCA LEXIS 291 at \*14-15.[3]

We reach a similar conclusion to *Majstorovic* in this case. Notably, Mr. Christiansen was administratively separated by his unit and a unit representative told him that he was out of the Army. By contrast, appellant's unit initiated an Adverse Action flag against him and specifically counseled appellant that he would be staying in the Army beyond his initial ETS date. In sum, under the specific facts and circumstances of this case, we conclude that "neither reason nor policy favor a conclusion that appellant was discharged prior to his conviction at court-martial." *Id*. at \*15.

**CONCLUSION**

Based on reason, policy, and the *Hart* criteria, the court-martial did not lack personal jurisdiction over appellant.

The findings of guilty and the sentence are AFFIRMED.

Senior Judge MULLIGAN and Judge SCHASBERGER concur.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court

---

[3] This court added that, "Mr. Christensen had every reason to believe he received a valid discharge; appellant did not." *Id*. at \*14.